IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01408-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

WESLEY R. "WOLF" BROWN,

    Plaintiff,

v.

COLORADO REVISED STATUTE § 13-15-101. Petition - proceedings [for Change of Name) Challenge to Constitutionality,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Wesley R. "Wolf" Brown, alleges that he is homeless.  He initiated the instant action by filing *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), and a Motion for Order Certifing [sic] Questions of Law to the Colorado Supreme Court (ECF No. 4).  As relief, he asks this Court to grant the motion for certification of questions of law to the state supreme court, compel the Denver County Court to grant an order for the change of his name, and to award him money damages, among other requests.  The § 1915 motion will be granted.

    The Court must construe Mr. Brown's filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Complaint will be dismissed.

Mr. Brown is challenging the constitutionality of Colo. Rev. Stat. § 13-15-101, which governs name changes in Colorado. He alleges that he has tried twice to change his name since 2010. He complains that in Denver County Court case No. 12-cv-03278, his name-change petition seeking to change his name to Wolf was denied because the magistrate judge "'[d]id not want to change his name to one word, because when he gave that name to people they would not know he was a felon.'" ECF No. 1 at 8. He attaches to the Complaint a second petition for a change of name from Wesley R. "Wolf" Brown to Wolf in Denver County Court Case No. 14-cv-02170, in which his requested name change apparently was denied during a hearing held on April 25, 2014. *See* ECF No. 1 at 9, ex. D at 9-13. He attaches to his Complaint a copy of a Colorado Bureau of Investigation (CBI) report conducted on January 16, 2014. The report shows his CBI criminal history records compiled for the purpose of complying with Colo. Rev. Stat. § 13-15-101 requirements for a court-ordered name change. See ECF No. 1, ex. B at 11-17. The report shows aliases, arrests, and dismissed charges, and convictions on misdemeanor charges. He also attaches as an exhibit a Decree Changing Name (ECF No. 1, ex. F at 5) from the Los Angeles Superior Court changing his name from Wesley R. Brown to Wesley R. "Wolf" Brown on June 28, 2010.

To the extent Mr. Brown asks this Court to compel the Denver County Court to grant an order for the change of his name, he is seeking relief in the nature of mandamus. Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United

States or any agency thereof to perform a duty owed to the plaintiff. The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Mr. Brown has not presented the Court with an extraordinary situation mandating mandamus relief. He has no clear right to the relief sought, the named Defendant does not owe him a clear nondiscretionary duty, and he does not allege that no other adequate remedy is available.

To the extent Mr. Brown may be asking this Court to review and reverse the state court decisions denying his name-change petitions, the Court may not do so. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-*

*Feldman* doctrine prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield*, 389 F.3d at 1147-48. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148 (internal quotation marks omitted); *see also Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).

If no final judgment had been entered in the state court action, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). The Complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Brown is warned that the Court can and will impose appropriate sanctions if he persists in engaging in frivolous lawsuits. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the

4

courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior

leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Mr. Brown has the right and to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Brown files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted. It is

FURTHER ORDERED that the Complaint (ECF No. 1) and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  30th  day of    May         , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court