IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01408-LTB

WESLEY R. "WOLF" BROWN,

    Plaintiff,

v.

COLORADO REVISED STATUTE § 13-15-101. Petition - proceedings {for Change of Name} Challenge to Constitutionality,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Wesley R. "Wolf" Brown, alleges that he is homeless. He filed *pro se* on June 9, 2014, a motion titled "Motion for Reconsideration" (ECF No. 7) asking the Court to reconsider its Order of Dismissal and Judgment entered on May 30, 2014. The Court must construe the motion to reconsider liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Mr. Brown's motion was filed ten days after the Court's May 30 dismissal order and judgment.  Therefore, The Court will consider Mr. Brown's June 9 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

On May 30, the Court dismissed the instant action with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and warned Mr. Brown that the Court may place reasonable restrictions on any litigant who files non-meritorious actions and generally abuses the judicial process.  The May 30 dismissal order discusses in detail the reasons for the dismissal and the warning about the possible imposition of future sanctions.  *See* ECF No. 11.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Brown fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 59(e) motion does not alter

2

the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration" (ECF No. 7) that Plaintiff, Wesley R. "Wolf" Brown, filed *pro se* on June 9, 2014, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the motion titled "Motion to Amend Complaint" (ECF No. 8) is denied as moot.

DATED at Denver, Colorado, this  17th  day of      June        , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court